UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA,<br><br>        Plaintiff,<br><br>vs.<br><br>COMFORT INN, MERCED; COMFORT INN MERCED PARTNERSHIP; COMFORT INN MERCED HOSPITALITY; KASTURI LAL; EDWIN K. ANTHONY; MAX'S PARTNERSHIP, LLC; MAX'S PARTNERSHIP, et al.,<br><br>        Defendants.<br>_____/ | 1:10-cv-00362-OWWSMS<br><br>**ORDER RE: SETTLEMENT CONFERENCES IN RELATED CASES**<br><br>**Date:  6/21/11**<br>**Time:  10:30 a.m.**<br>**Ctrm:  7** |
| GENEVA LEMA,<br><br>        Plaintiff,<br><br>vs.<br><br>COURTYARD MARRIOTT MERCED; COURTYARD MERCED INC.; KASTURI LAL; EDWIN K. ANTHONY; MAX'S PARTNERSHIP, LLC; MAX'S PARTNERSHIP, et al.,<br><br>        Defendants.<br>_____/ | 1:10-cv-01131-OWW-SMS |

    Based on the agreement of counsel at the Scheduling Conference held in case No. 1:10-cv-00362-OWW-SMS on July 14,

1

2010, and that which is set forth in the Scheduling Conference Order (Doc. 20, page 10, XVI. Related Matters Pending), specifically, that the schedule in both of the above-captioned cases shall be identical *(except for pretrial and trial)* for case management purposes only, the Settlement Conferences in both cases are currently set for June 21, 2011 at 10:30 a.m. in Courtroom No. 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

As such, consideration of settlement is a serious matter that requires thorough preparation prior to the Settlement Conference. Accordingly, the following is HEREBY ORDERED:

**1.    Pre-Settlement Conference Exchange of Demand and Offer**

A Settlement Conference is more likely to be productive if, prior thereto, the parties exchange written settlement proposals. Accordingly, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defense counsel, together with a brief summary of the legal and factual basis supporting the demand, in a timely manner (usually required 15 days prior to the Settlement Conference). In turn, defense counsel shall submit a written offer to plaintiff's counsel, together with a brief summary of the legal and factual basis supporting the offer, in a timely manner (usually required no later than 10 days prior to the Settlement Conference).

**2.    Submission and Content of Confidential Settlement Conference Statements**

Confidential Settlement Conference Statements from each party are mandatory, and shall be submitted to Judge Snyder's chambers, at least five (5) court days prior to the Settlement

2

1  Conference, either by e-mail to SMSOrders@caed.uscourts.gov or
2  via U.S. Mail to:
3          **Hon. Sandra M. Snyder**
        **United States District Court**
4          **2500 Tulare Street, Suite 1501**
        **Fresno, CA 93721**
5
6  depending on the length thereof, including the number of
7  attachments, exhibits, tabs, etc.  <u>See</u> Local Rule 133(f).
8  Additionally, each party shall file a Notice of Submission of
9  Confidential Settlement Conference Statement in compliance with
10 Local Rule 270(d).
11     Confidential Settlement Conference Statements shall
12 include the following:
13     a.   A brief summary of the core facts, allegations,
14 and defenses.
15     b.   A summary of the proceedings to date.
16     c.   An estimate of the cost and time to be expended
17 for further discovery, pretrial, and trial.
18     d.   The nature of the relief sought.
19     e.   An outline of past settlement efforts, including
20 information regarding the "Pre-Settlement Conference Exchange of
21 Demand and Offer" required in No. 1 above, and a history of past
22 settlement discussions, offers, and demands.
23     f.   A statement of each party's expectations and goals
24 for the Settlement Conference.
25    **3.   Attendance of Trial Counsel and Parties Required**
26    *The attorneys who will try the case, and the parties*
27 *with full and complete settlement authority, are required to*
28 *personally attend.*  An insured party shall appear by and through

3

a representative of the insurer who is authorized to negotiate, and who has *authority to settle the matter up to the limits of the opposing parties' existing settlement demand.* An uninsured corporate party shall appear by and through a representative authorized to negotiate, and who has *authority to settle the matter up to the amount of the opposing parties' existing settlement demand or offer.* It is not an acceptable alternative for a client with settlement authority to be available by telephone, except under the most extenuating circumstances, which does not include out-of-town or out-of-state travel and/or the purchase of an airplane ticket. It is difficult for a party who is not personally present to appreciate the process and the reasons that may justify a change in one's perspective toward settlement.

The Court expects all counsel and party representatives to be fully prepared to participate, and encourages all parties to keep an open mind in order to reassess previous positions and to discover creative means for resolving the case.

**4. Issues to be Discussed**

The parties *shall* be prepared to discuss the following at the Settlement Conference:

a. Goals in the litigation, problems they would like to address in the Settlement Conference, and understanding of the opposing side's goals.

b. The issues (inside and outside the lawsuit) that need to be resolved.

c. The strengths and weaknesses of their case.

*//*

4

      d.    Their understanding of the opposing side's view of the case.

      e.    The points of agreement and disagreement (factual and legal) between the parties.

      f.    Any financial, emotional, and/or legal impediments to settlement.

      g.    Whether settlement or further litigation better enables the accomplishment of their respective goals.

      h.    Any possibilities for a creative resolution of the case.

**5.**    **Statements Inadmissible**

The parties are expected to address each other with courtesy and respect, and are encouraged to be frank and open in their discussions.  Statements made by any party during the Settlement Conference are not to be used in discovery and will not be admissible at trial.

**6.**    **Admonition**

If it is clear to counsel and/or the parties that this case is not in a settlement posture, counsel are DIRECTED to contact this Court's staff immediately to make arrangements for a continuance OR to take it off calendar.  Otherwise, this Court will assume, and requires, the following:

      a.    That plaintiff has provided defendant with a timely demand;

      b.    That the parties have met and conferred sufficiently at least once prior to the Settlement Conference regarding possible settlement; and,

//

c. That the parties are therefore ready, willing, and able to settle the case, meaning that (A) defendant has settlement authority, and (B) plaintiff is willing to negotiate in good faith.

If there is no settlement authority from either or any party and/or it is the hope of one or more parties that this Court assess strengths and weaknesses of each parties' cases such that this Court will hopefully convince a party to dismiss the lawsuit, **THIS IS NOT SETTLEMENT**. In such a situation, the parties are ordered to coordinate a telephonic conference call with this Court, through Courtroom Deputy Harriet Herman at (559) 499-5692 prior to the Settlement Conference, to discuss the status of settlement. **Failure to do so could result in sanctions against any or all parties if appearances are made and it was known to one or more parties that the case cannot settle.**

IT IS SO ORDERED.

**Dated:   May 12, 2011**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

6