# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA, | CASE NO. 1:10-cv-00362-SMS |
| Plaintiff, | |
| v. | ORDER COMPELLING DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES, SETS ONE AND TWO |
| COMFORT INN, MERCED, et al., | |
| Defendants. | (Doc. 43) |
| | |
| GENEVA LEMA, | CASE NO. 1:10-CV-01131-SMS |
| Plaintiff, | |
| v. | |
| COURTYARD MARRIOTT, MERCED, et al., | |
| | (Doc. 43) |
| Defendants. | |

Plaintiff Geneva Lema, by her attorney Timothy S. Thimesch, moves this Court for an order compelling Defendants to respond to Set One, Interrogatories 6 and 8, and Set Two, Interrogatory 18, in each of the consolidated cases.

**I.    Procedural and Factual Background**

In their Rule 26(f) Discovery Plan (Doc. 17 (No. 1:10-cv-00362-SMS)), filed July 7, 2010, the parties provided the following limitation on discovery:

> **Joint.** Interrogatories and Requests for Admission: 50. The parties additionally stipulate to the use of a single interrogatory styled after Form Interrogatory 17.0 of

1

the state Judicial Council Form Interrogatories, which permits the parties to seek additional information as to each denial of Requests for Admission. Use of this form interrogatory shall be permitted by global reference, and shall not be counted to reduce the allowed 50 interrogatories.

Doc. 17 at 6.

On July 5, 2010, Plaintiff served two sets of interrogatories. Set One had seventeen questions; Set Two had one question. As a result of several agreements between the parties, Defendant's answers to interrogatories were not due until August 31, 2011.

A scheduling conference order in 1:10-cv-00362-SMS was filed July 14, 2010. Also on July 14, 2010, the District Court consolidated the two cases captioned above for case management purposes only (Doc. 15 (No. 1:10-cv-01131-SMS)). On October 28, 2010, the scheduling conference order in 1:10-cv-01131-SMS incorporated the Rule 26(f) Discovery Plan.

An order granting Defendants' motion to substitute attorney was entered July 5, 2011 and again on July 26, 2011. In granting Defendants' second motion, the Magistrate Judge emphasized that Defendants had repeatedly missed deadlines, were over two months late in producing their expert report, and had repeatedly upset the Court's calendar as well as past scheduled conferences. Defendants' new counsel, J.M. Irigoyen, assured the Magistrate Judge that he had sufficient time to devote the demands of the consolidated cases. The parties participated in a status conference on July 27, 2011; a new scheduling conference order was entered on August 4, 2011.

On August 31, 2011, Irigoyen requested a three-week extension of time to respond to Plaintiff's interrogatories. Plaintiff offered a one-week extension provided that Defendants would agree to a list of conditions including Defendants' agreeing to a mandatory pre-settlement meeting between counsel and to meet and confer before lodging objections to discovery. Defendants rejected the requested conditions. Accordingly, in a letter dated September 1, 2011, Plaintiff's counsel, Timothy S. Thimesch emphasized that the parties had not agreed on an extension and that, by failing to file response to interrogatories on time, Defendants had waived all objections. Thimesch demanded service of the answers, threatening motions to compel and requests for sanctions if Defendants' lack of a timely response obstructed information needed for depositions scheduled for mid-September (Doc. 44-1).

On September 16, 2011, Defendants filed their responses to Plaintiff's interrogatories. On Set One, they answered questions 1-5, 7, and 9-17, but objected to questions six and eight; they also objected to Interrogatory 18, the sole interrogatory in Set Two. In each case, Defendants wrote, "Defendants object to this interrogatory on the ground that it is compound and constitutes multiple interrogatories in excess of Rule 33's numerical limit." Defendants did not object to the interrogatories that they answered.

On September 22, 2011, following the depositions scheduled for that day, the parties met and conferred regarding the discovery dispute that gives rise to this motion. Irigoyen promised to respond within 24 hours. Instead, on October 24, 2011, Defendants provided revised response to the interrogatories in which the objection was rephrased to read: "Defendants object to this interrogatory on the ground that it is compound and constitutes multiple interrogatories in excess of Rule 33's numerical limit. Defendants contend that any stipulation with former counsel waiving the numerical limits is invalid and in any event Defendants repudiate it." (Doc. 46 at 5)

On November 29, 2011, Plaintiff moved to compel answers to her interrogatories. The parties filed a joint statement outlining their dispute on December 13, 2011.

**II.     Is the Rule 26(f) Discovery Plan Enforceable?**

Defendants maintain that, because they have no written copy of the Rule 26(f) Discovery Plan and because current counsel was not a party to the stipulation, their objections to the interrogatories were proper and made in good faith.

A trial court has broad discretion in enforcing stipulations. *United States v. McGregor*, 529 F.2d 928, 931 (9th Cir. 1976). Generally, the court will enforce the stipulation absent a showing that the party entered the stipulation inadvertently and that its opponent will not be prejudiced. *Id.* at 931-32. "Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). Put another way, the court will enforce a stipulation "absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement." *McGregor*, 529 F.2d at 931.

///

1 Defendants, who were represented by other counsel at the time of the stipulation, do not contend that the stipulated discovery plan was involuntary or the product of uninformed consent. Instead, their attorney objects that he does not have a signed copy of the stipulation and that he was not a party to it.

Whether or not the Defendants or their former attorneys possessed or retained a signed copy of the stipulation is irrelevant. On July 7, 2010, the stipulation was filed in 1:10-cv-00362 without objection. On October 28, 2010, without objection, the stipulation was incorporated into the scheduling order for 1:10-cv-01131, which was duly filed. Defendants' having had notice of the stipulation and having never objected to it, they cannot now circumvent its provisions by claiming that they do not now have a signed copy.

Defendants' attorney protests that the stipulation does not apply because he was "not privy to those stipulations." (Doc. 46 at 8.) His objection is ridiculous. An attorney is not a party to a stipulation: his clients are. Logically, substitution of a party's attorney after that party has agreed to a stipulation cannot, of itself, invalidate the stipulation. If it did, stipulations would be worthless since any party could later obviate its stipulation for any reason simply by discharging its attorney. Nor may a party claim inadvertence to accommodate the different litigation strategy of a subsequent attorney. *Macionski v. Alaska Airlines*, 94 F.3d 652 (Table), 1996 WL 454541 (9th Cir. August 12, 1996) (No. 95-55197).

### III.   Conclusion and Order

The parties' stipulation of discovery procedures in the Rule 26(f) Discovery Plan is enforceable. Defendants are hereby ordered to provide complete answers to Plaintiff's Interrogatories, Sets One and Two, within seven (7) days of this order. No further delays will be permitted.

IT IS SO ORDERED.

**Dated:   January 11, 2012**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE