1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  GENEVA LEMA,                          CASE NO. 1:10-cv-00362-SMS

10                    Plaintiff,

11         v.                            ORDER STRIKING DEFENDANTS'
                                         DESIGNATION OF EXPERT WITNESS
12  COMFORT INN, MERCED, et al.,

13                    Defendants.        (Doc. 44)

14  _____

15                                       CASE NO.  1:10-CV-01131-SMS

16  GENEVA LEMA,

17                    Plaintiff,

18         v.

19  COURTYARD MARRIOTT, MERCED,
    et al.,                              (Doc. 44)

20                    Defendants.

21  _____/

22         Plaintiff Geneva Lema, by her attorney Timothy S. Thimesch, moves this Court for an

23  order striking Defendants' expert designation and declaring the measurements of Plaintiff's

24  expert Danz to be established and accurate.  Defendants did not respond to this motion.

25  **I.    Procedural and Factual Background**

26         The due date for expert disclosure set forth in the July 14, 2010 scheduling order was

27  March 1, 2011.  On July 29 and 30, 2010, Plaintiff's access and general contractor consultant

28  Karl Danz conducted a joint inspection of both properties with former defense attorney Chris

1

Vaughn, who is also a licensed VASp consultant.  The parties cooperated fully in the inspection.
Vaughn observed all measurements taken on behalf of Plaintiff.  The parties shared all data,
photos, and findings.

On April 1, 2011, a document entitled Consolidated Action for Case Management
Purposes (Doc. 24, 1:10-cv-0362; Doc. 25, 1:10-cv-01131), duly executed by both parties and the
District Judge, provided that the time for discovery in the consolidate cases would be enlarged by
approximately 120 days.  Accordingly, expert disclosure was to be completed on or before July 1,
2011.  Plaintiff provided her experts' reports to Defendants on May 10, 2011.  On July 1, 2011,
Plaintiff served disclosure for both experts, attaching a signed report to each.  Defendants did not
provide expert disclosure.

At a consolidated scheduling conference on July 27, 2011, Defendants requested
additional time to complete expert disclosure.  Plaintiff did not object.  Accordingly the Court
ordered Defendants to provide expert disclosure no later than September 2, 2011, warning
Defendants that the deadline was firm and that the Court would grant no further extensions.
Defendants did not provide expert disclosure on or before September 2, 2011.

On September 9, 2011, Defendants served expert disclosure which did no more than
name Donald R. Bremseth as Defendants' disabled access expert and architect.  The disclosure
did not include a report, a curriculum vita, a list of prior testimony, or any other relevant
materials.  It disclosed that the inspection had not yet begun and that the retainer agreement had
not yet been negotiated.  The disclosure document described itself as "provisional disclosure"
and stated that Bremseth "had conditionally agreed to testify at trial."  Doc. 44-1 at 12-13, 15-16.

Plaintiff deposed Defendants Edwin Anthony and Katuri Lal on September 22, 2011.
Both Defendants were unfamiliar with the Danz report and opinion and the measurement and
configuration of the barriers alleged by Plaintiff's lawsuit.  Both Defendants testified that they
had not secured their own measurements and that, although Bremseth had briefly toured the
properties, he had taken only a few measurements.

The parties' attorneys met and conferred following the depositions.  Although Defendants
declined Plaintiff's suggestion that they withdraw their expert designation to avoid a motion for

2

1  sanctions, they admitted that they had not yet retained Bremseth and might retain a different

2  expert.

3       By October 2, 2010, when Plaintiff was to have served her rebuttal expert disclosure,

4  Defendants had still failed to provide full disclosure of their expert(s).  Finally, on November 29,

5  2011, Plaintiff moved to exclude Defendants' expert and for a declaration that Ganz's

6  measurements are uncontroverted and accurate.  As of the date of this order, Defendants have

7  still not provided full expert disclosure in the consolidated cases.

8  **II.    Exclusion of Expert Witness Testimony**

9       Federal Rule of Civil Procedure 26(a)(2)(B) requires each party to identify any expert

10 witness that it may use at trial to present evidence under Fed.R.Evid. 702, 703, or 705.

11 Disclosure must be accompanied by the expert witness's signed written report.  F.R.Civ.P.

12 26(a)(2)(B).  The report must also contain:

13       1.    a complete statement of all opinions the witness will express and the basis and

14             reasons for them;

15       2.    the facts or data considered by the witness in forming them;

16       3.    any exhibits that will be used to summarize or support them;

17       4.    the witness's qualifications, including a list of all publications authored in the

18             previous ten years;

19       5.    a list of all other cases in which, during the previous four years, the witness

20             testified as an expert at trial or by deposition; and

21       6.    a statement of the compensation to be paid for the study and testimony in the case.

22       F.R.Civ.P. 26(a)(2)(B).

23       A party must provide its expert witness disclosures "at the times and in the sequence that

24 the court orders."  F.R.Civ.P. 26(a)(2)(C).  "Rule 37 (c)(1) gives teeth to this requirement" by

25 automatically excluding any evidence not properly disclosed under F.R.Civ.P. 26(a).  *Yeti by*

26 *Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Bad faith or

27 willfulness is not required.  *Yeti*, 259 F. 3d at 1106; *Stamas v. County of Madera*, 2011 WL

28 826330 at * 3 (E.D. Cal. March 3, 2011) (No. 1:09-cv-00753-LJO-JLT).  The policy is evident:

1

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases.  Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.  Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders and that failure to do so may properly support severe sanctions and exclusions of evidence.

2

3

4

5   *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

6

7   The Advisory Committee Notes to the 1993 amendments to Rule 26 emphasized the

importance of meaningful expert disclosure:

8

> The paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses . . . .

9

10

11

> Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony . . . must prepare a detailed and complete written report, stating the testimony that the witness is expected to present during direct examination, together with the reasons therefor.  The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with a need to depose the expert and often was even of little help in preparing for a deposition of the witness . . . . [T]he report, which is intended to set forth the substance of the direct examination, should be written ion a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

12

13

14

15

16

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions.

17

18   *Quoted in United States ex rel O'Connell v. Chapman University*, 245 F.R.D. 652, 654 (C.D. Cal. 2007).

19

20   Accordingly, Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

21

22

23

> A.    may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

24

25   > B.    may inform the jury of the party's failure; and

26   > C.    may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(v).

27

28   The sanctions outlined in F.R.Civ.P. 37(b)(2)(A)(i)-(v) include the Court's directing that

matters embraced by the order or other designated facts be taken as established for purposes of

4

1   the action and prohibiting the sanctioned party from introducing designated matters in evidence.

2   Exclusion of evidence under F.R.Civ.P. 37 (c)(1) is inappropriate only if that failure to disclose

3   was either substantially justified or harmless.  *Yeti*, 259 F.3d at 1106.

4          Defendants offer no justification for their failure to provide disclosure in compliance with

5   the rule.  When the party opposing exclusion of an expert witness who was not timely disclosed

6   fails to demonstrate either that the late disclosure was attributable to excusable neglect, was

7   substantially justified, or harmless, a district court does not abuse its discretion in excluding the

8   expert witness's testimony.  *Martinez v. Tarrant*, 59 Fed.Appx. 998, 998 (9th Cir. 2003).  *See also*

9   *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 n. 5 (9th Cir. 2006) (upholding exclusion

10  of expert testimony after the plaintiff failed to disclose the expert report by the disclosure

11  deadline even though he reasonably should have anticipated the need for the expert witness at the

12  time of the deadline); *Wong*, 410 F.3d at 1062 (finding no abuse of discretion in trial court's

13  exclusion of an expert witness named after the disclosure date because the Plaintiff should have

14  anticipated the need for an expert witness to establish that his learning problems constituted a

15  disability for purposes of the Americans With Disabilities Act);  *Luke v. Family Care and Urgent*

16  *Medical Clinics*, 323 Fed.Appx. 496, 499 (9th Cir.), *cert. denied*, 130 S.Ct. 179 (2009) (holding

17  that district court did not abuse its discretion in excluding the plaintiffs' expert declarations

18  responding to the defendant's summary judgment motion when the declarations were disclosed

19  three months after the initial deadline for expert disclosures and two months after the deadline

20  for rebuttal disclosures).  Exclusion is equally appropriate when a party's ostensible disclosure

21  omits "a written report, a complete statement of opinions to be expressed and the basis and

22  reasons for them, the data or information considered by the witness in forming his opinions, a list

23  of exhibits, the amount the witness was being compensated for his testimony, or a listing of other

24  cases in which he had previously testified as an expert."  *Intrex Corp. v. FMC Corp.*, 124 F.3d

25  211 (Table), 1997 WL 599984 at *1 (9th Cir. September 24, 2997) (No. 96-16567).

26         "[S]imply reciting the names of experts does not prevent surprise by the opponent."

27  *Churchill v. United States*, 2011 WL 444849 at *6 (E.D. Cal. February 8, 2011)(No. 1:09-cv-

28  01846-LJO-JLT).  *See also O'Connell*, 245 F.R.D. at 654 (observing that because an expert's

letter provided in lieu of the required disclosure made clear that the expert had not yet formed an opinion about which he could testify, the letter did not comply with the requirements of Rule 26(a)(2)(B)).

The Court observes that Defendants' failure to provide meaningful expert disclosure is part of a larger pattern of dilatory litigation tactics that have included repeated delays including multiple missed discovery deadlines and a series of attorney substitutions.  Unjustified late disclosure of expert witnesses is the type of dilatory tactic that Rules 26 and 37 are intended to discourage.  *Continental Laboratory Products, Inc. v. Medax Internat'l, Inc.*, 195 F.R.D. 675, 676 (S.D. Cal. 2000).  *See also Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming exclusion of expert witness testimony when party unjustifiable missed the deadline for disclosing expert witnesses by 20 days and the deadline for submission of expert reports by six weeks).  In August 2011, the Court warned Defendants that further delays would not be tolerated.  Nonetheless, although more than four months have passed since Defendants' expert disclosure was due, Defendants have neither provided the disclosure to Plaintiff nor argued to the Court that the delay was harmless or reasonably justified.

"'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault."  *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993), *quoting Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1341 (9th Cir. 1985).  The inevitable conclusion in this case is that Defendants' conduct is motivated by their willful and bad faith objective of delaying resolution of this matter.  Although bad faith is not necessary to the decision to exclude evidence, it is relevant to the Court's determination of sanctions.  *Henry*, 983 F.2d at 947.  Because Defendants have willfully disregarded the Court's orders for purposes of delay, exclusion of Mr. Bremseth's expert witness testimony is an appropriate sanction in this case.

## III.   Declaration Regarding Accuracy of Measurements

Plaintiff also requests that the Court declare the measurements of her expert, Karl Danz, to be established and accurate.  Because the requested declaration is included within possible sanctions in F.R.Civ.P. 37 (b)(2)(A) and because defendants have provided no substantive

opposition to Plaintiff's request, the Court declares Danz's measurements to be established and accurate.

**IV.     Conclusion and Order**

Defendants' having failed to demonstrate that their failure to timely provide expert disclosure was substantially harmless of justified, Rule 37 mandates that they be precluded from using the expert and his opinions at trial or for any other purpose in these consolidated cases. Defendants repeated dilatory tactics support this conclusion.

Accordingly, the Court hereby STRIKES Defendant's provisional disclosure of Donald R. Bremseth in each of the consolidated cases and EXCLUDES the testimony of any expert witness for the defense, including Mr. Bremseth due to Defendants' failure to timely disclose expert witnesses in compliance with the Scheduling Orders in the consolidated cases and F.R.Civ.P. 26 and 37.  The measurements of the premises that are the subjects of the consolidated complaints and that were determined by Plaintiff's expert Karl Danz are hereby DECLARED established and accurate for purposes of the consolidated actions.

IT IS SO ORDERED.

**Dated:     January 18, 2012**                              **/s/ Sandra M. Snyder**
                                                                        UNITED STATES MAGISTRATE JUDGE