1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  GENEVA LEMA,                          CASE NO. 1:10-cv-00362-SMS

10              Plaintiff,

11       v.                              ORDER DISMISSING COMPLAINT
                                         WITH LEAVE TO AMEND
12  COMFORT INN, MERCED, et al.,

13              Defendants.              (Doc. 43)
    _____

14
15
16       Defendants move for dismissal pursuant to F.R.Civ.P. 12(b)(1) and (6), arguing that the

17  complaint is barred by the statute of limitations and that the Court lacks jurisdiction because of

18  Plaintiff's lack of standing.  This court reviewed the papers and determined that this matter was

19  suitable for decision without oral argument pursuant to Local Rule 78-230(h).  Having

20  considered all written materials submitted, the Court is required to dismiss the complaint as a

21  result of Plaintiff's failure to allege facts establishing subject matter jurisdiction.

22  **I.    Procedural History**

23       On February 27, 2010, Plaintiff filed a complaint against Defendants seeking injunctive

24  relief and damages for violations of the Americans With Disabilities Act of 1990 (42 U.S.C. §

25  12101 *et seq.*); California state disabilities rights laws (California Civil Code §§ 54, 54.1, and

26  55); and the Unruh Civil Rights Act.  Plaintiff sought injunctive and declaratory relief, and treble

27  damages.  Defendants answered on April 8, 2010.

28  ///

1

Following multiple substitutions of counsel in the spring and summer of 2011, Defendants failed to provide timely expert discovery, resulting in the Court's striking Defendants' designation of its expert witness on January 19, 2012.  On February 2, 2012, Defendants moved to dismiss the complain for lack of jurisdiction.

## II.   Factual Allegations

Plaintiff alleged that she is a person with physical disabilities who uses a wheelchair, but has "short term semi-ambulatory abilities with the use of hand crutches."  Plaintiff alleged that, in  the two years before she filed her complaint, she was unable to patronize Defendants' hotel due to a laundry list of deficiencies:

1.      Insufficient disabled accessible guestrooms spread across the range of accommodations, including suited, and double bedrooms;

2.      Absence of guestrooms with roll-in showers;

3.      Insufficient numbers of disabled parking facilities in the hotel's different lots accessing entrances on separate sides of the building;

4.      Substantially inaccessible disabled parking facilities, which are improperly sized, configured, sloped, and signed, and in many cases, hazardous to disabled use;

5.      The absence of an accessible path of travel from the adjoining public sidewalk and paths of travel to the public transportation stops;

6.      Absence of a path of travel between the main entrance and the porte-cochere;

7.      Absence of a path of travel between the main entrance and the north parking lot;

8.      Inaccessible path of travel between main entrance and the north parking lot requiring traversing steps and a cobblestone path; Inaccessible path of travel between the main entrance and the outdoor patio;

9.      A raised registration counter, which provides only a roll-out shelf, but provides printed material, fruit, and other items, on the upper counter, violates Title 24;

10.     Inaccessible lobby facilities, including circulation paths of travel, internet terminal and house telephone;

///

2

11.     Inaccessible designated accessible guestrooms, which violate code requirements in almost every respect, including but not limited to the failure to provide a compliant interior door landing (i.e., the existing strike-edge clearance is obstructed by the closet); a lack of turning radius in bathroom; and the necessary side and front transfer space for using the water closet and tub; the sign on the back of the door for the Emergency Escape Plan is mounted at about 56 inches and in a non-complaint font (about 8 or 9 pts); the absence of a 36 inch path of travel throughout the room; the absence of access to the HVAC controls, which are obstructed by furniture; and the inaccessible knee clearance at the desk/table; and the absence of knee space for the lavatory;

12.     The designated disabled accessible restroom located on the first floor corridor just outside Room 101 is inaccessible because, inter alia, it fails to provide an accessible exterior door landing; the path of travel is obstructed by a 1 inch beveled sudden change in rise that obstructs the transition from the corridor to the pad; a vending machine also obstructs the inward swinging door by approximately 1 inch; the hot water feed is not wrapped; the interior lacks a compliant turning circle and space beside and in front of the toilet; and all amenities are mounted at non-compliant heights and/or next to inaccessible floor spaces, including the sanitary seat cover dispenser behind the toilet, the mirror, the towel/trash receptacle, the sanitary napkin/tampon vending machine, and the sanitary disposal box;

13.     Inaccessible vending and ice machines on the first floor which is obstructed by the aforementioned sudden change in rise;

14.     Stair cases which lack compliant contrasting striping and handrails;

15.     Inaccessible swimming pool; facilities, including, but not limited to, gates that lack kickplates; pull type latches that are out of reach; pool coping that is sloped backward at a slope far exceeding 2% to facilitate drainage to a drain-strip located

///

3

1    about 3 feet from the edge; absence of in-ground sleeve for servicing a pool lift

2    anywhere near the pool or Jacuzzi spa; placement of the pool furniture,

3    particularly near the Jacuzzi, that fails to maintain an accessible path of travel; and

4    spa controls, emergency shut off; and pool rescue equipment that are placed out of

5    reach;

6    16.    Inaccessible dry sauna facilities that are obstructed by a raised, non-compliant

7    threshold and the absence of a turning radius and clear floor space.

8    Doc. 2 at 7-9.

9    Plaintiff also alleged that, on information and belief, "defendants have failed to provide

10   access to multiple other facilities on site, including an adequate number of disabled parking

11   facilities and guestroom upgrades and amenities, inaccessible guest laundry facilities, and

12   inaccessible breakfast bar facilities that require reaches over an obstruction and/or food,

13   condiments, plastic-ware, etc., that have been placed at inaccessible heights."  Doc. 2 at 9-10.

14   **III.    Pleading Standards**

15   Federal Rule of Civil Procedure 8(a) provides:

16   A pleading that states a claim for relief must contain:

17   (1)    a short and plain statement of the grounds for the court's jurisdiction,
            unless the court already has jurisdiction and the claim needs no new
18          jurisdictional support;

19   (2)    a short and plain statement of the claim showing the pleader is entitled to
            relief; and
20
21   (3)    a demand for the relief sought, which may include relief in the alternative
            or different types of relief.

22   "Each allegation must be simple, concise, and direct."  F.R.Civ.P. 8(d).

23   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

24   exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a

25   complaint must contain "a short and plain statement of the claim showing that the pleader is

26   entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant

27   fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*,

28   534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the

4

1    elements of the cause of action, supported by mere conclusory statements, do not suffice."

2    *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v.*

3    *Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted

4    as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*,

5    550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*,

6    129 S.Ct. at 1949**.**

7            Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to

8    relief above the speculative level."  *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff

9    must set forth "the grounds of his entitlement to relief," which "requires more than labels and

10   conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555-56

11   (*internal quotation marks and citations omitted*).  To adequately state a claim against a defendant,

12   a plaintiff must set forth the legal and factual basis for his or her claim.

13           "A short and plain statement of the claim showing that the pleader is entitled to relief"

14   contemplates a simple and straightforward, but complete, account of the relevant occurrences,

15   actors, and resulting damages.  Should Plaintiff elect to amend her complaint, as this order

16   permits her to do, the Court will apply these standards to her amended complaint in the course of

17   determining whether it has subject matter jurisdiction.

18   **IV.    Standing**

19           "In essence the question of standing is whether the litigant is entitled to have the court

20   decide the merits of the dispute or of particular issues."  *Warth v. Seldin*, 422 U.S. 490, 498

21   (1975).  From a constitutional standpoint, standing addresses the question of whether the plaintiff

22   has made out a case or controversy between himself and the defendant.  *Id.*  A federal court has

23   jurisdiction only when the plaintiff himself has experienced a threatened or actual injury from the

24   defendant's alleged illegal action.  *Id.* at 499.

25           "An ADA plaintiff suffers a legally cognizable injury under the ADA if he is

26   'discriminated against on the basis of disability in the full and equal enjoyment of the goods,

27   services, [or] facilities of any place of public accommodation.'"  *Chapman v. Pier 1 Imports*

28   *(U.S.) Inc.*, 631 F.3d 939, 944, 952 (9th Cir. 2011), *quoting* 42 U.S.C. § 12182(a).  The ADA

proscribes not only obviously exclusionary conduct, such as a sign stating that disabled patrons are unwelcome, but also the "more subtle forms of discrimination–such as difficult-to-navigate restrooms and hard-to-open doors–that interfere with disabled individuals' full and equal enjoyment of places of public accommodation." *Chapman*, 631 F.3d at 945 (*internal quotations omitted*).   When a disabled individual encounters or becomes aware of alleged ADA violations that deter her patronage of or otherwise interfere with her access to a place of public accommodation, she has suffered an injury in fact traceable to the defendant's conduct and capable of Court redress, granting her Article III standing. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008).   *See also Chapman*, 631 F.3d at 946.   Courts must take a "broad view" of constitutional standing in ADA cases since private enforcement suits are the primary method of enforcing compliance. *Doran*, 524 F.3d at 1039.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944.   When an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and all other barriers relating to his disability even if he not personally encountered every such barrier. *Id.* That the disabled person is not deterred from returning to the public accommodation at issue is immaterial. *Id.* The statutory focus is the disabled person's right to "full and equal enjoyment of the goods, services, [or] facilities." *See* 42 U.S.C. § 12182(a).

To establish standing, a plaintiff must first allege that she has suffered an actual injury attributable to Defendant's actions. *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).   Once a plaintiff has encountered a barrier violating the ADA, she has sufficient personal stake in the outcome of the controversy as long as her suit addresses only those barriers relating to her particular disability. *Chapman*, 631 F.3d at 944, 947. *See, e.g.*, *Doran*, 524 F.3d at 1044 n. 7 (holding that a wheelchair-bound plaintiff may challenge only those

6

barriers relating to mobility); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (a plaintiff who is not blind lacks standing to sue for ADA violations that only affect the blind).  Plaintiff's complaint does not allege that she has personally encountered a barrier violating the ADA, only that barriers exist and that those barriers have denied Plaintiff "the right and desire to [visit] the subject hotel."  Plaintiff does not allege that any barriers that she did not personally encounter also relate to her disability, either.

To establish standing to pursue injunctive relief, the sole remedy available to a private plaintiff under the ADA, she must also allege a "real and immediate threat of repeated injury." *Fortyune*, 364 F.3d at 1081.  A plaintiff may satisfy this prong of the standing requirements by demonstrating her intent to return to a noncompliant accommodation or by establishing that she would be like to return but could not do so as long as the barriers remain.  *Chapman*, 631 F.3d at 944, 950.  Put another way, Plaintiff can demonstrate an ongoing actual injury either by demonstrating that the discriminatory barriers interfere with his continuing patronage of the facility or that the discriminatory barriers prevent his return or otherwise interfere with his access to the facility.  *Id.*  An ADA plaintiff "lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Id*.

"In determining whether the plaintiff's likelihood of return is sufficient to confer standing, courts have closely examined factors such as: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *D'Lil v. Stardust Vacation Club*, 2001 WL 1825832 at *3 (E.D. Cal. December 21, 2001) (No. CIV-S-00-1496-DFL-PAN).  In *Stardust Vacation Club*, the court concluded that the plaintiff had standing based on her stated intent to return, her history of travel to Lake Tahoe, and her particular reasons for patronizing the defendant's time-share hotel. *See also Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1079 (D. Hi. 2000) (finding standing where the plaintiff had one previous visit to the restaurant, which was located far from plaintiff's home, where plaintiff had a history of patronizing the restaurant chain, and where the court found the

1    plaintiff's claimed intent to return to be sincere); *D'Lil v. El Torito Restaurants, Inc.*, 1997 WL

2    714866 (N.D.Cal. June 24, 1997) (No. C 94-3900-CAL) (finding no standing where the plaintiff

3    had only one visit to a restaurant located over one hundred miles from her home and did not

4    allege any intent to return).

5         Here, Plaintiff  neither alleged having visited the hotel nor having any desire or intent to

6    return.  Nor does the complaint plead supportive facts such as her occupation as a minister, the

7    nature of her ministry, the frequency of her visits to the area near the hotel to address local

8    congregations, the recurring nature of her visits for certain annual events (such as annual

9    conferences and retreats), her definite intent to return to the area, or her desire to patronize a

10   more affordable hotel.  Although Plaintiff testified to these facts in the course of her deposition,

11   her complaint focused on setting forth applicable law and asserting legal conclusions.  Had her

12   complaint been properly pleaded, it would have alleged facts to support the elements of

13   Plaintiff's claims.

14        Relying on *Aetna Life Ins. Co. v. Alla Medical Services*, 855 F.2d 1470, 1474 (9th Cir.

15   1988), which addressed the timeliness of a Rule 12(b) motion made before the Defendants filed

16   their responsive pleadings, Plaintiff contends that the Court need not reach this issue since

17   Defendants failed to move to dismiss before or at the time of filing their answer.  Plaintiff is

18   wrong.  Article III standing is not subject to waiver.  *United States v. Hays*, 515 U.S. 737, 742

19   (1995).  A plaintiff must demonstrate standing at each successive stage of litigation.  *Lujan v.*

20   *Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Fortyune*, 364 F.3d at 1081.  "If the court

21   determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

22   F.R.Civ.P. 12(h)(3).

23        Defendants correctly contend that Plaintiff lacks standing because the complaint failed to

24   allege facts sufficient to establish that she has suffered an injury-in-fact.  Despite the liberal

25   pleading standards applicable to civil rights claimants, "a liberal interpretation of a  . . . civil

26   rights complaint may not supply essential elements of the claim that were not initially pled."

27   *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *quoting Ivey v. Board of Regents*, 673 F.2d

28   266, 268 (9th Cir. 1982).  In *Chapman*, the Ninth Circuit concluded that the trial court should

1   have dismissed Chapman's action at the outset because his complaint merely incorporated a

2   laundry list of barriers (the "Accessibility Survey") that Chapman claimed "denied him access to

3   the Store, *or* which he seeks to remove on behalf of others under related state statutes."  631 F.3d

4   at 954.  "The Accessibility Survey simply indentifie[d] alleged ADA and CBC violations without

5   connecting the alleged violations to Chapman's disability, or indicating whether or not he

6   encountered any one of them in such a way as to impair his full and equal enjoyment of the

7   Store."  *Id.*  Merely listing the violations in a place of public accommodation is insufficient to

8   establish the requirement that the Plaintiff allege an injury-in-fact.  *Id*.  A plaintiff must relate the

9   alleged violations to his particular disability and explicitly allege that the violations deprived him

10  of the full and equal access available to an individual who is not disabled.  *Id.* at 955.  Plaintiff's

11  complaint does not do this.

12          Neither is an expert's assessment of the premises, identifying the premise's ADAAG

13  violations, sufficient to establish that the plaintiff has incurred an injury-in-fact.  *Id.* at 955 n. 10.

14  To meet this standard, Plaintiff must allege facts regarding the nature of her disability, how her

15  disability relates to render the alleged defects barriers to her; and which particular barriers

16  Plaintiff personally encountered and under what circumstances.

17          In *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011), the court observed

18  that, as was the case in *Chapman*, Oliver's complaint failed to allege an injury-in-fact because it

19  stated that he had encountered barriers at the store and provided a list of the alleged barriers, but

20  neither specified which barriers Oliver had personally encountered nor explained how the

21  interaction of Oliver's disability with each specified barrier denied him full and equal access to

22  the store.  As a result, Oliver's complaint was jurisdictionally defective.  *Id.*

23          The Supreme Court has observed:

24          For purposes of ruling on a motion to dismiss for want of standing, both the trial
            and reviewing courts must accept as true all material allegations of the complaint,
25          and must construe the complaint in favor of the complaining party.  E.g., Jenkins
            v. McKeithen, 395 U.S. 411, 42-422, 89 S.Ct. 1843, 1848-1849, 23 L.Ed.2d 404
26          (1969).  At the same time, it is within the trial court's power to allow or to require
            the plaintiff to supply, by amendment to the complaint or by affidavits, further
27          particularized allegations of fact deemed supportive of plaintiff's standing.  If

28  ///

after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.

*Warth*, 422 U.S. at 501-02.

Having failed to challenge Plaintiff's standing earlier, Defendants raise the issue well after the close of discovery and in the wake of their own efforts to unduly delay the case's progress and the Court's imposition of sanctions that preclude their use of an expert on Comfort Inn's compliance with ADAAG standards.  This Court has repeatedly observed that Defendants' litigation tactics appear designed to delay resolution of this case rather than encourage resolution. Nonetheless, because Rule 12(h)(3) requires this Court to dismiss the complaint, this Court will dismiss the complaint with leave to amend.

In the course of documentary discovery and Plaintiff's deposition, Plaintiff has introduced sufficient factual evidence to support an allegation of injury-in-fact. She simply failed to adequately plead the elements of her claims.  Her amended complaint should properly allege facts supporting her claim, and minimize and eliminate the extensive legal conclusions and argumentative re-statement of applicable law that characterizes the original complaint.

## V.   **Timeliness**

Defendant contends that because Plaintiff admits that she did not stay at the Comfort Inn within two years of filing, her suit is barred by the statute of limitations.  The ADA provides that "[n]othing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions."  42 U.S.C. § 12188 (a)(1).  "[A] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'"  *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002), *cert. denied*, 537 U.S. 1030 (2002).

In *Pickern*, the appellant's single visit to the defendant's supermarket occurred outside the limitations period.  *Id.* at 1135.  Because of the barriers he encountered in the course of his first visit, when the appellant returned to the store within the limitations period, he waited in the car while his companion entered to make purchases on the appellant's behalf.  *Id.* at 1136.  The court held that "in stating that he is currently deterred from attempting to gain access to the

Paradise store, [the plaintiff] has stated sufficient facts to show concrete, particularized injury." *Id.* at 1137-38.  The court added that, when a plaintiff's awareness of discriminatory conditions deter him from patronizing a place of public accommodation, the deterrent effect is sufficient to constitute an injury in fact for purposes of the ADA.  *Id.* at 1136-37.  The court wrote:

> We hold that when a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the "futile gesture" of attempting to gain access in order to show actual injury during the limitations period.  When such a plaintiff seeks injunctive relief against an ongoing violation, he or she is not barred from seeking relief . . . . . by the statute of limitations.

*Pickern*, 293 F.3d at 1134.

According to her deposition testimony, Plaintiff, a minister, patronized the Comfort Inn for many years in the course of regular visits to preach at an area church.  But after a 2006 accident in which she broke both legs made her more dependent on her wheelchair, Plaintiff discovered that she was unable to use the bathroom in her room at Comfort Inn because the bathroom did not include sufficient space to allow her to transfer easily from her wheelchair to the commode.  Knowing that she was unable to navigate the Comfort Inn's bathroom, Plaintiff did not return to Comfort Inn thereafter.

According to *Pickern*, Plaintiff was not required to return within the two-year limitations period.  If she had actual knowledge of the conditions in the hotel room and the violation was ongoing, the statute of limitations did not bar this action.  Plaintiff did not allege these facts in her complaint.  Her amended complaint should do so.

## VI.   Conclusion and Order

Plaintiff's complaint fails to state facts sufficient to establish that this Court has subject matter jurisdiction even though facts disclosed in the course of discovery, particularly through Plaintiff's deposition testimony, appear to indicate that subject matter jurisdiction exists.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1    Plaintiff's amended complaint should be brief, but must allege sufficient facts to establish

2    subject matter jurisdiction. Fed. R. Civ. P. 8(a).  Plaintiff should focus on identifying her legal

3    claims and setting forth, as briefly but specifically as possible, the facts necessary to establish her

4    standing to bring the claims.

5    Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth*

6    *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*,

7    814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior

8    or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original

9    complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567;

10   *accord Forsyth*, 114 F.3d at 1474.

11   Based on the foregoing, it is HEREBY ORDERED that:

12   1.    Plaintiff's complaint is dismissed with leave to amend for failure to state facts

13         sufficient to establish subject matter jurisdiction;

14   2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file

15         an amended complaint curing the deficiencies identified by the Court in this order;

16         and

17   3.    If Plaintiff fails to file an amended complaint within **thirty (30) days** from the

18         date of service of this order, this action will be dismissed with prejudice for lack

19         of subject matter jurisdiction.

20

21   IT IS SO ORDERED.

22   **Dated:    March 27, 2012**                          **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28