UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA, | CASE NO. 1:10-cv-00362-SMS |
| Plaintiff, | |
| v. | ORDER STRIKING MOTION TO DISMISS |
| COMFORT INN, MERCED, et al., | |
| | (Doc. 72) |
| Defendants. | |
| _____ | |

On July 2, 2012, Defendants moved to dismiss the first amended complaint, contending that (1) the Court lacks subject matter jurisdiction; (2) Plaintiff lacks standing to bring a claim under the Americans With Disabilities Act; and (3) the complaint fails to state a claim under the Americans With Disabilities Act.  Defendants base their motion on F.R.Civ.P. 12(b)(1) and (6), and on facts allegedly revealed in the course of discovery.  Following its review of this motion, this Court has determined to strike it.

**I.**     **Rule 12(b)(1): Subject Matter Jurisdiction**

Citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011), Defendants contend that the first amended complaint fails to allege an injury in fact and that Plaintiff therefore lacks standing to sue.  The Court has previously examined this contention with regard to the original complaint, finding that sufficient evidence had been developed in the course of litigating this matter to support an allegation of injury in fact and, in light of the advanced stage of the litigation, reluctantly requiring Plaintiff to amend her complaint to include such allegations

1  as the holding of *Chapman* requires.  *See* Doc. 58.  Plaintiff did so in her first amended
2  complaint.  Defendants now seek to require Plaintiff to further supplement her allegations to
3  identify which barrier corresponds to which of her multiple handicaps and the time at which the
4  barrier did so.  Nothing in *Chapman* or in generally applicable rules of pleading requires such
5  extensive detail.

6  As this Court stated in its earlier order, "[a]n ADA plaintiff suffers a legally cognizable
7  injury under the ADA if he is 'discriminated against on the basis of disability in the full and
8  equal enjoyment of the goods, services, [or] facilities of any place of public accommodation.'"
9  *Chapman*, 631 F.3d at 944, 952, *quoting* 42 U.S.C. § 12182(a).  The ADA proscribes not only
10 obviously exclusionary conduct, such as a sign stating that disabled patrons are unwelcome, but
11 also the "more subtle forms of discrimination–such as difficult-to-navigate restrooms and hard-
12 to-open doors–that interfere with disabled individuals' full and equal enjoyment of places of
13 public accommodation."  *Chapman*, 631 F.3d at 945 (*internal quotations omitted*).  When a
14 disabled individual encounters or becomes aware of alleged ADA violations that deter her
15 patronage of or otherwise interfere with her access to a place of public accommodation, she has
16 suffered an injury in fact traceable to the defendant's conduct and capable of Court redress,
17 granting her Article III standing.  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir.
18 2008).  *See also Chapman*, 631 F.3d at 946.  Courts must take a "broad view" of constitutional
19 standing in ADA cases since private enforcement suits are the primary method of enforcing
20 compliance.  *Doran*, 524 F.3d at 1039.

21 To establish standing, a plaintiff must first allege that she has suffered an actual injury
22 attributable to Defendant's actions.  *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075,
23 1081 (9th Cir. 2004).  Once a plaintiff has encountered a barrier violating the ADA, she has
24 sufficient personal stake in the outcome of the controversy as long as her suit addresses only
25 those barriers relating to her particular disability.  *Chapman*, 631 F.3d at 944, 947.  *See, e.g.*,
26 *Doran*, 524 F.3d at 1044 n. 7 (holding that a wheelchair-bound plaintiff may challenge only those
27 barriers relating to mobility); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (a plaintiff
28 who is not blind lacks standing to sue for ADA violations that only affect the blind).

For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975); *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). When the Court evaluates the first amended complaint by applying this standard, Plaintiff's standing to file it unquestionably appears.

## II.  Rule 12(b)(6): Statutory Standing and Failure to State a Claim

Defendants further contend that because Plaintiff does not use a wheelchair indoors, she lacks standing to bring an action under the Americans With Disabilities Act. Lack of statutory standing is properly considered as grounds for dismissal pursuant to F.R.Civ.P. 12(b)(6). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Rule 12(b)(6) is also the appropriate rule for evaluating the legal sufficiency of complaints, such as Defendants' contention that the complaint fails to state a claim under the Americans With Disabilities Act. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

When, in a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974, n. 1 (9th Cir. 2010), *quoting* F.R.Civ.P. 12(d). Since Defendants' motion is based on factual matter discovered in the course of discovery, it would appropriately be brought as a summary judgment motion under Rule 56, not as a Rule 12(b)(6) motion. Defendants' having not yet answered the first amended complaint, however, treating this motion as one for summary judgment would be premature.

The procedural status of this case renders a Rule 12(b)(6) motion inappropriate for Defendants' additional contentions. Because Plaintiff was required to amend the complaint after the close of discovery, Defendants' motion confuses the type of action that could be made on the pleadings alone, before the parties have had any opportunity to pursue discovery, with a summary judgment motion, which seeks to expediently resolve matters after discovery has revealed the panoply of undisputed facts. Defendants will shortly have opportunity to advance their

///

arguments in a summary judgment motion or at trial.  The Court will strike Defendants' pending motion to dismiss.

### III.     Frivolous and Malicious Motions

The Court surmises that Defendants brought this action in the absence of good faith, seeking to further the delay resolution of this matter despite their representations in the summer of 2011 that permitting them to retain their current attorney would not result in further delay. The Court has repeatedly noted Defendants' lack of good faith as they and their attorneys have sought to exploit rules of procedure as a means of postponing just resolution of Plaintiff's claims while imposing unnecessary burdens on this overburdened Court.  The test for maliciousness is subjective, requiring the Court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915).

The impropriety of this motion would have been readily apparent to Defendants and their attorney had they performed the most perfunctory examination of applicable law.  This Court has repeatedly warned Defendants and their attorney regarding their employment of sharp legal tactics intended solely to harass Plaintiff and delay resolution of this matter.  No further delay will be tolerated.  Accordingly, the Court will strike any motion brought by Plaintiff without leave of Court prior to their filing of an answer and any dispositive motion(s).

### III.     Amendment of Stipulated Order to Enlarge Scheduling Order

As a result of Defendants' determination to delay resolution of this case through multiple sequential motions rather than answering the first amended complaint, modification of the stipulated order to enlarge scheduling order (Doc. 71) is required.  Defendants shall file their answer on or before July 13, 2012.  The dispositive motion filing deadline shall be set at August 3, 2012.

### IV.     Conclusion and Order

Accordingly, the Court hereby ORDERS

1. Defendants' Motion to Dismiss First Amended Complaint is hereby stricken.
2. Defendants shall answer the first amended complaint on or before July 13, 2012.
3. The dispositive motion filing deadline in this matter shall be August 3, 2012.

4.    Defendants shall file no further motions without leave of Court prior to the filing of their answer and any dispositive motions.

IT IS SO ORDERED.

**Dated:   July 3, 2012**                            /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE