UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA LEMA,<br><br>  Plaintiff,<br><br>  v.<br><br>COMFORT INN, MERCED, et al.,<br><br>  Defendants.<br>_____ | CASE NO. 1:10-cv-00362-SMS<br><br>ORDER DENYING DEFENDANTS'<br>MOTIONS FOR SANCTIONS<br><br>(Doc. 81) |
| GENEVA LEMA,<br><br>  Plaintiff,<br><br>  v.<br><br>COURTYARD MARRIOTT MERCED,<br> et al.,<br><br>  Defendants.<br>_____ | CASE NO. 1:10-cv-01131-SMS<br><br><br><br>(Doc. 79) |

Defendants in these combined cases move for sanctions against Plaintiff's attorney, Timothy Thimesch, for failure to meet and confer with Defendants' counsel before filing a motion for summary judgment in each case. Defendants request sanctions in the form of the

///

1

attorneys' fees that they incurred in filing the motions for contempt and in opposition to Plaintiff's motion for summary judgment.

The motion is based in the scheduling order for each case, which provided:

> Prior to filing a motion for summary judgment or summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.
>
> The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.
>
> The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.
>
> In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

Case No. 1:10-cv-00362-SMS, Doc. 34 at 6-7; Case No. 1:10-cv-01131-SMS, Doc. 34 at 6-7.

In response, Thimesch apologized to the Court and explained that he had overlooked the meet-and-confer requirement prior to filing his summary judgment motion on August 3, 2012. Accordingly, Plaintiff's motion for summary judgment stated:

> Pursuant to the requirements of the Court's New Scheduling Order in the Related Cases dated August 4, 2011 . . . ., Plaintiff certifies that she made written meet and confer efforts on many occasions in an attempt to settle these actions, as detailed in the accompanying Declaration of Timothy S. Thimesch.
>
> Plaintiff also certifies that because of certain time restraints, including the necessity of awaiting the results of [the] very recent review of the premises by Plaintiff's consultant to verify that the identified barrier conditions still remain, Plaintiff was not able to provide Defendants with proposed Joint Statement of Undisputed Fact prior to the instant filing, but is filing only a Separate Statement. However, concurrent with this motion, Plaintiff has provided Defendants with a proposed Joint Statement and will endeavor to meet with Defendants to settle the undisputed facts within the next two weeks, or by August 17, 2012. She has additionally provided an extra two weeks' notice to allow the parties to accomplish the Joint Statement and avoid prejudicing the opposition deadline.

Case No. 1:10-cv-00362-SMS, Doc. 77 at 4; Case No. 1:10-cv-01131-SMS, Doc. 75 at 4.

///

Although Mr. Thimesch's case management skills fell short of perfection in this instance, Plaintiff's motions for summary judgment met the requirements of the Scheduling Order by setting forth a statement of good cause for the failure to meet and confer. Accordingly, Defendants' motion for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   April 2, 2013**                                         /s/ Sandra M. Snyder
                                                                                      UNITED STATES MAGISTRATE JUDGE